Newell v. Waller.

---

## GEORGE B. NEWELL
### v.
### DAVID A. WALLER.

1. UNEXECUTED PROMISE NOT SUFFICIENT CONSIDERATION FOR AGREEMENT TO EXTEND TIME OF PAYMENT.—An unexecuted promise by a principal debtor to secure his debt is not a sufficient consideration for an agreement to extend the time of payment.

2. CONSIDERATION—DEFECTIVE PLEA.—As the plea in this case fails to aver that the mortgage was ever made, executed and delivered to appellant, no sufficient consideration appears in the plea to support the contract to extend the time of payment and the demurrer below should have been sustained.

Newell v. Waller.

APPEAL from the Circuit Court of DeWitt county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed February 7, 1883.

Messrs. MOORE & WARNER, for appellant; that the plea should state facts which constitute cause of action with certainty and precision, cited 1 Chitty on Pl. 232; Parks v. Holmes, 22 Ill. 522; Lyle v. Morse, 24 Ill. 95; Home Ins. Co. v. Favorite, 46 Ill. 263.

An agreement to extend time of payment, must be one legally binding between parties to it: Farwell v. Meyer, 35 Ill. 40; Crawford v. Gaulden, 33 Ga. 184; Grabfelder v. Willis, 10 Bradwell, 330.

The agreement must be supported by an adequate consideration: Reynolds v. Ward, 5 Wend. 501; Halliday v. Hart, 30 N. Y. 474; Woolford v. Dow, 34 Ill. 424; Glickauf v. Hirschhorn, 73 Ill. 574.

An unexecuted promise is not sufficient to support an agreement to extend time of payment: Brandt on Suretyship, § 308; Hunt v. Knox, 34 Miss. 655; Van Rensselaer v. Kirkpatrick, 46 Bart. 194; Lyle v. Morse, 24 Ill. 95.

Messrs. FULLER & MONSON, for appellee; that the presumption will be indulged that the court below decided correctly, where bill of exceptions fails to state that it contains all the evidence on the trial, cited Buckland v. Soddard, 36 Ill. 206; St. L. & S. E. R'y Co. v. Wheelis, 72 Ill. 538; Hermann v. Pardridge, 79 Ill. 471.

As to discharge of surety where agreement to extend time of payment has been made: Flynn v. Mudd, 27 Ill. 323; Woolford v. Dow, 34 Ill. 424.

HIGBEE, J. This was a suit in assumpsit by appellant against William W. Waller, David A. Waller and Adam Waller in the DeWitt Circuit Court. The declaration containing two special counts on promissory notes and the common counts, to which the defendant David A. Waller, filed the general issue, and a special plea as follows: " And for

further plea in this behalf, the said David A. Waller says, that the plaintiff ought not to have his aforesaid action against him, the said David A. Waller, one of the defendants, because, he says, that the several supposed causes of action in the said declaration mentioned are one and the same, to wit: the supposed cause of action in the said first count mentioned, and not different causes of action, and that the promissory note in that count mentioned was made and delivered to the plaintiff by the said William W. Waller, as principal debtor, and by him, the said David A. Waller, as surety for the said William W. Waller, and not otherwise; whereof the plaintiff, at the time of the making and delivery of the said note, as aforesaid, then had notice, and that after the said note became due, to wit, on, etc., the plaintiff, at the request of the said William W. Waller, and in consideration that the said William W. Waller would make, execute and deliver to the said plaintiff a chattel mortgage on certain personal property then owned by the said William W. Waller, to secure the payment of a certain other promissory note, then held and owned by the said plaintiff, against the said William W. Waller, then agreed with the said William W. Waller, to give, and then and there did give to him further day of payment of the amount of said note, to wit, until the 1st day of March, 1878, without the knowledge or consent of him, the said David A. Waller, by reason whereof, he, the said David A. Waller, became discharged from all liability upon the said note, and this the said David A. Waller is ready to verify, wherefore he prays judgment, if the plaintiff ought to have his aforesaid action against him, etc.

By FULLER & MONSON, his attorneys."

A demurrer interposed by appellant to this plea was overruled by the court and appellant electing to abide by his demurrer, judgment was rendered on the plea in bar of the action and against him for costs.

The principal objection urged to the sufficiency of the plea is, that it fails to show a sufficient consideration to support the contract therein set forth.

The time of payment was extended until March 1, 1878,

as averred " in consideration that the said William W. Wal-
ler would make, execute and deliver to the said plaintiff a
chattel mortgage on certain personal property then owned by
said William W. Waller, to secure the payment of a certain
other promissory note then held and owned by said plaintiff
against the said William W. Waller." The plea does not
aver that the mortgage was ever made, executed and delivered
to appellant, and hence no sufficient consideration appears in
the plea to support the contract to extend the time of pay-
ment.

By the very terms of this contract, it could only suspend
the right of action against the principal debtor when the
mortgage was executed.

It has been repeatedly held that an unexecuted promise by
a principal debtor to secure his debt is not a sufficient con-
sideration for an agreement to extend the time of payment.
Hunt v. Knox, 24 Miss. 655; Van Rensselaer v. Kirkpat-
rick, 46 Bart. 194; Brandt on Suretyship, Sec. 308.

We are of opinion that the plea was bad and that the court
erred in overruling the demurrer to it, and for this reason the
judgment is reversed and the cause remanded.

                                        Reversed and remanded.